UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 22-20137-CR-MARTINEZ-BECERRA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDUARDO ULISES MARTINEZ,

    Defendant.
_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS MATTER** was referred to the Honorable Jacqueline Becerra, United States Magistrate Judge, for a Report and Recommendation on Defendant Eduardo Ulises Martinez's Motion to Dismiss the Superseding Indictment ("Motion"), (ECF No. 91). (ECF No. 99). After holding a hearing on the Motion, Magistrate Judge Becerra filed a Report and Recommendation ("R&R"), recommending that the Motion be denied. (ECF No. 120). Defendant timely filed Objections to the R&R, (ECF No. 137), and the Government responded to those Objections, (ECF No. 144). This Court, having conducted a *de novo* review of the record and the issues presented in Defendant's Objections, agrees with Magistrate Judge Becerra that Defendant's Motion should be denied. Although Defendant's Objections were thoroughly and properly analyzed in the R&R, this Court will briefly address Defendant's Objection regarding the "de-minimis" and "antique" exceptions below.

    Defendant revisits his argument that he was not required to declare the statues at issue to customs for inspection and file the Form 3–177 because the de minimis and antique exceptions absolved him of this responsibility. (ECF No. 137 at 2). Specifically, Defendant asserts "items that are one hundred years of age or older" and "items containing minimal amounts of ivory are

exempt from prohibition." (*Id.* at 4). This argument is misguided. It is not for Defendant to decide whether goods he imports and exports qualify as exceptions. Indeed, if any individual could decide for themselves that items they wished to import into and export out of the United States are exempt from prohibition, the Endangered Species Act ("ESA") and the Convention of International Trade of Endangered Species of Wild Fauna ("CITES") would be rendered useless.

These exceptions do not apply to the declaration requirements in 50 C.F.R. §§ 14.52, 14.61, and 14.63. Defendant overlooks the fact that, pursuant to 50 C.F.R. § 14.52, "a Service officer must clear *all wildlife imported* into the United States prior to release from detention by Customs officers" and "clear *all wildlife to be exported* from the United States prior to the physical loading of the merchandise on a vehicle or aircraft, or the containerization or palletizing of such merchandise for export." § 14.52(a) (emphasis added). Only after the regulated items are declared to customs and properly inspected, can it be determined whether they fall under an appropriate exception. 16 U.S.C. § 1539; § 14.61.

Pursuant to 50 C.F.R. § 14.61 "[f]or certain antique articles as specified in § 14.22, importers or their agents must file a Form 3–177 with the District Director of Customs at the port of entry prior to release from Customs custody." Section 14.22 states

> Any person may import at any Customs Service port designated for such purpose, any article that is at least 100 years old, is composed in whole or in part of any endangered or threatened species listed under § 17.11 or § 17.12 of this subchapter, and has not been repaired or modified with any part of any endangered or threatened species on or after December 28, 1973.

This exception is also codified in 16 U.S.C. § 1539 which allows import and exportation of

> any article which—
>
> (A) is not less than 100 years of age;
> (B) is composed in whole or in part of any endangered species or threatened species listed under section 1533 of this title;
> (C) has not been repaired or modified with any part of any such species on or after December 28, 1973; and

2

> (D) is entered at a port designated under paragraph (3).

§ 1539(h).  Subsection (h)(2) states

> Any person who wishes to import an article under the exception provided by this subsection shall submit to the customs officer concerned at the time of entry of the article such documentation as the Secretary of the Treasury, after consultation with the Secretary of the Interior, shall by regulation require as *being necessary to establish that the article meets the requirements* set forth in paragraph (1)(A), (B), and (C).

§ 1539(h)(2) (emphasis added).

Defendant refers to this very language in his Objection: "ivory Art Deco decorative art pieces at issue in these proceedings is derived from African Ivory removed from the wild before the implementation of the CITES treaty [and] [a]ll of the Art Deco pieces at issue were manufactured at the turn of the 20th century and are likely 100 years old or more." (ECF No. 137 at 4 n.2).  Thus, Defendant overlooks the fact that the plain language of Section 14.61 in conjunction with Section 1539 render the application of the antiques exception contingent upon first submitting the item in question to a customs officer as a necessary step "to establish that the article meets the" exception.  *See* 16 U.S.C. § 1539(h)(2); 50 C.F.R. § 14.61.

The de minimis exception is inapplicable for the same reason.  Pursuant to 50 C.F.R. § 17.40 "certain manufactured or handcrafted items containing de minimis quantities of ivory" may be sold or shipped in interstate or foreign commerce if the item meets certain criteria including a 50% cap on the percentage of the item that is comprised of ivory and a 200-gram cap on the total weight of the ivory component.  § 17.40(e)(3)(v), (vi).  The de minimis and antique exceptions work hand in hand, namely that for items located outside the United States the ivory must be "removed from the wild prior to February 26, 1976" and includes items that are "manufactured or handcrafted." *Id.* at §§ 17.40(e)(ii), (iii), (v) and (vii) (emphasis added).  Under section 17.40(e) "[p]ersons seeking to benefit from the exceptions provided in this paragraph (e) must demonstrate

that they meet the criteria to qualify for the exceptions." Subsection (e)(9) makes it clear that "[a]ntiques containing or consisting of ivory may, therefore, be imported into or exported from the United States without a threatened species permit issued under § 17.32, provided the requirements of 50 CFR parts 13, 14, and 23 have been met. 50 C.F.R. § 1740(e)(9).

The regulatory scheme makes it abundantly clear that these exceptions are not for individuals to freely decide for themselves that they can import or export whatever regulated items they please based on a self-diagnosis of exemption. The regulated items must be declared for inspection and the required documentation filed according to 50 C.F.R. Sections 14.52, 14.61, 14.63, before there can be a determination of whether any such exceptions apply.

Accordingly, after careful consideration, it is hereby **ADJUDGED** that

1. United States Magistrate Judge Becerra's Report and Recommendation, (ECF No. 120), is **AFFIRMED** and **ADOPTED**.

2. The Motion, (ECF No. 91), is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of November, 2022.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record